EASON v. MILLER & KELLY.

1. In action for recovery of *blank* patterns at a foundry, a verdict for plaintiff "for patterns the value of one hundred dollars" (which could not have included all the patterns at the foundry), does not identify the property, and is therefore void, and may be vacated on motion noticed at the third term, more than a year, after the trial. *Robbins* v. *Slatterly, MS. Dec. No.* 712, approved.

2. The motion, not being upon exceptions involving errors of law occurring at the trial, or for insufficient evidence, or for excessive damages, was not governed by sections 288 and 289 of the code of procedure.

---

Before KERSHAW, J., Charleston, June, 1881.

The opinion states the case. The Circuit decree, after a statement of facts and the former opinion of this court, continued as follows:

This decision limiting the recovery of the plaintiff to a portion only of the patterns claimed, makes it clear that the verdict is incapable of enforcement, because it is not possible for the sheriff to ascertain from any judgment and execution which could be entered upon it, the particular patterns which it was

the purpose of the execution to require him to restore to the plaintiff's possession. The finding in this action must be specific as to the articles to be recovered, and as to their value. *Code,* § 285.

The plaintiff in this case demands the return of all the patterns on the premises on the day in question. The verdict as interpreted by the Supreme Court, finds for plaintiff only a portion, without indicating what portion. The judgment must conform to the verdict, and the execution to the judgment. It would not be possible under such an execution for the sheriff to distinguish what patterns he is required to return. This verdict construed as applicable only to a portion of the articles claimed, is a nullity, incapable of being the subject of a judgment. In that case it is the duty of the court to award a *venire facias de novo.* 5 *Com. Dig.* 521, 523 ; *Heyward* v. *Bennett,* 1 *Treadw.* 329 ; 3 *Brev.* 113 ; *Mooney* v. *Welsh,* 1 *Mill. Con. R.* 133.

It is ordered that the verdict in this case be set aside and vacated, and that a new trial be had herein.

*Messrs. Bryan & Bryan,* for appellants.

*Messrs. Lord & Inglesby,* contra.

January 27th, 1883. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The plaintiff brought this action for the recovery of personal property, and claimed that he was the owner of —— patterns of the value of $5,000, which goods were stored on May 11th, 1879, on the premises known as Eason's foundry, Columbus street, Charleston, S. C. The defendants had purchased the property known as Eason's foundry, on April 24th, 1879, at a foreclosure sale, and entered into possession of the same on May 11th thereafter, and claimed that the patterns on the premises were embraced in the mortgage under which they had purchased.

It appeared from the testimony that patterns of the value of $5,000 were on the premises when the defendants purchased the foundry ; that a portion had been placed there at the time of the execution of the mortgage, and the remainder afterwards, but

the evidence was conflicting as to what proportion was put there before the mortgage and what afterwards. One of the witnesses thought the greater proportion, both in number and value, was there at the time of the execution of the mortgage, and another thought the reverse. Under this testimony the judge, construing the mortgage, charged that it covered such patterns as were on the place at its execution, and that as to these the defendants had a good title. He further charged, that the plaintiff was the owner of such as had been put upon the premises after the execution of the mortgage, and as to these he was entitled to recover. And he left it to the jury, as a question of fact, to determine what proportion had been put upon the premises after the mortgage, with instructions to find their verdict accordingly.

The jury found the following verdict: " We find for plaintiff, patterns the value of $100." Upon this verdict the clerk, having received no instructions from the court as to the form of the judgment, entered judgment for the recovery " of the personal property described in the complaint, to wit, the patterns which were on the premises on the north side of Columbus street, in the city of Charleston, and known as Eason's foundry, on May 11th, 1879, or $100 in case a delivery of the said property cannot be had, and also that he recover $40.45 for his costs."

This judgment was afterwards vacated because it was not in conformity with the verdict, this court holding upon appeal that the verdict could not be legally construed to mean that the plaintiff was entitled to recover all of the patterns on the place on May 11th, 1879, valued by the witnesses at $5,000, and which the judgment authorized him to recover. 15 *S. C.* 194.

The judgment having thus been vacated, the plaintiff, at the June term, 1881, of the court for Charleston county, which was the third term after the trial, moved to set aside the verdict on the ground that it was void for uncertainty. Upon the hearing of this motion, Judge Kershaw passed the following order: " It is ordered that the verdict in this case be set aside and vacated, and that a new trial be had herein."

From this order the defendants have appealed, founding their appeal upon several grounds, all of which, however, are embraced

in the following : 1. " That no exception having been taken by the plaintiff to the charge of Judge Pressley, presiding at the trial, or to the form of the verdict at the term of the trial and within the time prescribed by law, his Honor Judge Kershaw, was without authority of law to set aside the verdict and order a new trial upon a motion made after the lapse of three terms, and especially this could not be done for uncertainty in the verdict, to which uncertainty the plaintiff had contributed and had not objected. 2. Because the verdict is not void or insufficient, either under the general law, or under the law laid down by Judge Pressley at the trial, under which a valid judgment can and should be entered for plaintiff for one hundred dollars and costs."

It is true, the code provides that in certain cases motions for new trials must be entered on the minutes by the judge who heard the case, which motion, if heard on the minutes, can only be heard at the same term at which the trial is had. *Code*, § 288. Or if the motion is made on exceptions, the judge trying the cause may at the trial direct them to be heard in the first instance at the next or special term, and the judgment in the meantime suspended, and in that case they must be there heard in the first instance and judgment there given. *Code*, § 289.

These sections of the code are applicable when the motion is to set aside the verdict and grant a new trial on exceptions, or for insufficient evidence or for excessive damages. *Code*, § 288. The term "exceptions" as here used has a technical meaning, and it implies that some error of law has been committed by the judge in the progress of the trial, either in some ruling during the trial, or in the charge to the jury. The other two grounds involve errors of fact, to wit, as matter of fact that the verdict is not supported by the evidence, or that the damages are excessive and beyond the testimony. And under these provisions of the code, it is true that when a party desires to move for a new trial upon the ground of an error of law in the judge, or upon either of the above grounds involving the facts, he must make the motion upon the minutes at the term of the trial, or if upon exceptions as to the law, at least at the next term by permission of the judge who heard the case.

Now the question here is, has this motion been made either upon exceptions involving errors of law occurring at the trial, or for insufficient evidence, or for excessive damages? If so, the argument of the appellants is conclusive, as it is apparent that the motion has not been made either upon the minutes at the term of the trial, or upon exceptions at the next succeeding term under an order of the trial judge made for that purpose. It is admitted that the motion below was made at the third term after the trial term and without any previous notice of such motion given at the trial term, either upon the minutes or otherwise.

We do not look upon the motion below as being made upon either of the grounds mentioned in section 288 of the code. The plaintiff did not complain of the charge of the judge, or of any ruling made by him during the progress of the trial. Nor does he complain that the verdict involves an error of fact. He complains that it is not such a verdict as can be enforced, that it is a void verdict as without meaning, that it is a nullity, in substance that there has been a mistrial; and his motion was not that a verdict which, if left standing, would be valid and could be enforced, shall be set aside and a new trial had, but that that which appears to be a verdict shall be declared no verdict, because without meaning, and be wiped out, expunged from the record, so that the case can be replaced upon the calendar for trial, there having been in fact no trial which has resulted in a real verdict. If this be the conclusion to be placed upon the verdict, then the sections of the code above referred to, could not apply, and they would interpose no obstacle in the way of the plaintiffs' motion.

The next question is: Is the verdict one of the character above described? Is it so vague and uncertain as on that account to be void? This court, on the previous appeal in this case, when the question was whether the judgment which had been entered, was in conformity with the verdict, did not undertake to interpret the exact meaning of the verdict. It only determined that the jury could not have intended to give to the plaintiff all of the patterns on the premises at Eason's Foundry on May 11th, 1879, and the judgment having been entered for

z

all, the court held it did not conform to the verdict and was therefore erroneous. But the difficulty in the case is as to the identity of the patterns found for the plaintiffs, and whether, in the absence of identification by the verdict, any judgment can be entered.

In the case of *Robbins* v. *Slatterly, MS. Dec., No.* 712, filed April 15th, 1879, which was an action of this kind, this court held that in such actions the verdict and judgment must be in the alternative : that is to say, for the possession of the property, or for its value in case such possession can not be had, and that if the property can not be had for want of identity, a verdict for the alternative in value can not be sustained. Now in the case before the court the verdict has found no designated property in the plaintiff. There is a total want of identification as to the particular patterns found. There is nothing in the verdict by which it could be ascertained what patterns belonged to the plaintiffs, and consequently nothing by which the judgment for the recovery of possession could be entered. Such being the case, the verdict is in fact nothing more than a verdict for the value, which is in conflict with *Robbins* v. *Slatterly,* *supra,* and therefore a void verdict.

It is the judgment of this court, that the order below be affirmed.